# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

## JUDGMENT IN A CIVIL CASE

**JENNIFER M. HUST,**

       Plaintiff,

    vs.                  **CASE NUMBER: 5:10-cv-1295 (GTS/GHL)**

**MARIANNE FINNOCHIARO and**
**TEN PIN RESTAURANT, INC.,**

       Defendants.

**[X]   Jury Verdict.**       This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

IT IS ORDERED AND ADJUDGED

    That on March 13, 2010, Defendants breached their duty to Plaintiff to exercise reasonable care in maintaining their premises in a reasonably safe condition; and that plaintiff suffered an injury as a result of defendants' failure to exercise reasonable care;

    That Plaintiff's own negligence was a contributory cause of her own injury; that plaintiff assumed the risk in that Plaintiff voluntarily engaged in an activity involving risk of harm and when she did so, she knew and fully understood, or should have known and fully understood, that risk of harm;

    That Defendants are fifteen percent (15%) at fault for Plaintiff's injury, and the Plaintiff is eighty-five percent (85%) at fault for her own injury; and

    That Plaintiff is awarded damages in the amount of twenty-three thousand nine hundred and sixty-six dollars and 10/100 ($23,966.10) for medical expenses and twenty-five thousand dollars ($25,000.00) for pain and suffering for a total of forty-eight thousand nine hundred and sixty-six dollars and 10/100 ($48,966.10).  There is no award for past or future lost earnings, future medical expenses or future pain and suffering.

All of the above pursuant to the jury verdict rendered on December 15, 2011 before the Honorable Judge Glenn T. Suddaby.

DATED:    December 16, 2011

                                                     _____
                                                     Clerk of Court

                                                     s/ L. Welch
                                                     Deputy Clerk

**NOTICE TO LITIGANTS**

FILING NOTICE OF APPEAL

This notice is to inform you of the time limitations for filing a Notice of Appeal under Federal Rules of Appellate Procedure 4 (see below) and of the necessity of filing a timely motion for extension with in the thirty-day extension period if the Notice of Appeal is untimely.

Lawrence K. Baerman<br>
Clerk of the Court

*Effective 12/1/11:*
**Rule 4.  Appeal as of Right - When Taken**
  (a) Appeal in a Civil Case
    (1) **Time for Filing a Notice of Appeal**.
      (A) In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4) and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from.
      (B) The notice of appeal may be filed by any party within 60 days after the entry of the judgment or order appealed from if one of the parties is:
        (i) the United States;
        (ii) a United States agency;
        (iii) a United States officer or employee sued in an official capacity; or
        (iv) a current or former United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf - including all instances in which the United States represents that person when the judgment or order is entered or files the appeal for that person.
      (C) An appeal from an order granting or denying an application for *writ of error coram nobis* is an appeal in a civil case for purposes of Rule 4(a).
    (2) **Filing Before Entry of Judgment**.  A notice of appeal filed after the court announces a decision or order - but before the entry of the judgment or order - is treated as filed on the date of and after the entry.
    (3) **Multiple Appeals**.  If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later.
    (4) **Effect of a Motion on a Notice of Appeal**.
      (A) If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:
        (i) for judgment under Rule 50(b);
        (ii) to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment;
        (iii) for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58;
        (iv) to alter or amend the judgment under Rule 59;
        (v) for a new trial under Rule 59; or
        (vi) for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered.
      (B)(i) If a party files a notice of appeal after the court announces or enters a judgment - but before it disposes of any motion listed in Rule 4(a)(4)(A) - the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.
        (ii) A party intending to challenge an order disposing of any motion listed in Rule 4(a)(4)(A) or a judgment's alteration or amendment upon such a motion, must file a notice of appeal, or an amended notice of appeal - in compliance with Rule 3(c) - within the time prescribed by this Rule measured from the entry of the order disposing of the last such remaining motion.
        (iii) No additional fee is required to file an amended notice.
    (5) **Motion for Extension of Time**
      (A) The district court may extend the time to file a notice of appeal if:
        (i)  a party so moves no later than 30 days after the time prescribed by this Rule 4 (a) expires; and
        (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4 (a) expires, that party shows excusable neglect or good cause.
      (B) A motion filed before the expiration of the time prescribed in Rule 4 (a)(1) or (3) may be ex parte unless the court requires otherwise. If the motion is filed after the expiration of the prescribed time, notice must be given to the other parties in accordance with local rules.
      (C) No extension under this Rule 4 (a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later.
    (6) **Reopening the Time to File an Appeal.** The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
      (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
      (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
      (C) the court finds that no party would be prejudiced.
    (7) **Entry Defined.**
      (A) A judgment or order is entered for purposes of this Rule 4 (a):
        (i) if Federal Rule of Civil Procedure 58(a)(1) does not require a separate document, when the judgment or order is entered in the civil docket under Federal Rule of Civil Procedure 79(a); or
        (ii) if Federal Rule of Civil Procedure 58(a)(1) requires a separate document, when the judgment or order is entered in the civil docket under Federal Rule of Civil Procedure 79(a) and when the earlier of these events occurs:

• the judgment or order is set forth on a separate document, or

• 150 days have run from entry of the judgment or order in the civil docket under Federal Rule of Civil Procedure 79(a).

(B) A failure to set forth a judgment or order on a separate document when required by Federal Rule of Civil Procedure 58(a)(1) does not affect the validity of an appeal from that judgment or order.

**(b) Appeal in a Criminal Case.**

(1) **Time for Filing a Notice of Appeal.**

(A) In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of:

(i) the entry of either the judgment or the order being appealed; or

(ii) the filing of the government's notice of appeal.

(B) When the government is entitled to appeal, its notice of appeal must be filed in the district court within 30 days after the later of:

(i) the entry of the judgment or order being appealed; or

(ii) the filing of a notice of appeal by any defendant.

(2) **Filing Before Entry of Judgment**. A notice of appeal filed after the court announces a decision, sentence, or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry.

(3) **Effect of a Motion on a Notice of Appeal.**

(A) If a defendant timely makes any of the following motions under the Federal Rules of Criminal Procedure, the notice of appeal from a judgment of conviction must be filed within 14 days after the entry of the order disposing of the last such remaining motion, or within 14 days after the entry of the judgment of conviction, whichever period ends later. This provision applies to a timely motion:

(i) for judgment of acquittal under Rule 29;

(ii) for a new trial under Rule 33, but if based on newly discovered evidence, only if the motion is made no later than 14 days after the entry of the judgment; or

(iii) for arrest of judgment under Rule 34.

(B) A notice of appeal filed after the court announces a decision, sentence, or order—but before it disposes of any of the motions referred to in Rule 4 (b)(3)(A)—becomes effective upon the later of the following:

(i) the entry of the order disposing of the last such remaining motion; or

(ii) the entry of the judgment of conviction.

(C) A valid notice of appeal is effective—without amendment—to appeal from an order disposing of any of the motions referred to in Rule 4 (b)(3)(A).

(4) **Motion for Extension of Time**. Upon a finding of excusable neglect or good cause, the district court may—before or after the time has expired, with or without motion and notice—extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4 (b).

(5) **Jurisdiction.** The filing of a notice of appeal under this Rule 4 (b) does not divest a district court of jurisdiction to correct a sentence under Federal Rule of Criminal Procedure 35(a), nor does the filing of a motion under 35(a) affect the validity of a notice of appeal filed before entry of the order disposing of the motion. The filing of a motion under Federal Rule of Criminal Procedure 35(a) does not suspend the time for filing a notice of appeal from a judgment of conviction.

(6) **Entry Defined.** A judgment or order is entered for purposes of this Rule 4 (b) when it is entered on the criminal docket.

**(c) Appeal by an Inmate Confined in an Institution.**

(1) If an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

(2) If an inmate files the first notice of appeal in a civil case under this Rule 4 (c), the 14-day period provided in Rule 4 (a)(3) for another party to file a notice of appeal runs from the date when the district court dockets the first notice.

(3) When a defendant in a criminal case files a notice of appeal under this Rule 4 (c), the 30-day period for the government to file its notice of appeal runs from the entry of the judgment or order appealed from or from the district court's docketing of the defendant's notice of appeal, whichever is later.

**(d) Mistaken Filing in the Court of Appeals.** If a notice of appeal in either a civil or a criminal case is mistakenly filed in the court of appeals, the clerk of that court must note on the notice the date when it was received and send it to the district clerk. The notice is then considered filed in the district court on the date so noted.