UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JENNIFER M. HUST,

                              Plaintiff,

v.                                                            5:10-CV-1295
                                                                (GTS/GHL)
MARIANNE FINOCCHIARO; and
TEN PIN RESTAURANT, INC.,

                              Defendants.
_____

APPEARANCES:                                                     OF COUNSEL:

BRINDISI, MURAD, BRINDISI, PEARLMAN,
JULIAN & PERTZ, LLP                                     ROBERT F. JULIAN, ESQ.
  Counsel for Plaintiff
2713 Genesee Street
Utica, New York 13501

SLIWA & LANE                                                    PAUL F. MURAK, ESQ.
  Counsel for Defendants
237 Main Street, Suite 840
Buffalo, New York 14203

GLENN T. SUDDABY, United States District Judge

## MEMORANDUM-DECISION and ORDER

       Currently before the Court, in this negligence action filed by Jennifer M. Hust ("Plaintiff") against Marianne Finocchiaro and Ten Pin Restaurant, Inc. ("Defendants"), is Plaintiff's motion for an Order altering or amending the jury verdict and/or granting a new trial on damages pursuant to Fed. R. Civ. P. 59. (Dkt. No. 48.) For the reasons set forth below, Plaintiff's motion is denied.

**I.      RELEVANT BACKGROUND**

On March 13, 2010, at approximately 9:00 p.m., Plaintiff fell in the parking lot of Defendant Ten Pin Restaurant, located in Chittenango, New York. (Dkt. No. 22 at 2 [Pretrial Stipulation].) As a result, Plaintiff sustained a fracture to her left wrist that required surgery, which was performed on March 14, 2010, by Dr. Raymond Meeks. (*Id.* at 3.)

On October 27, 2010, Plaintiff filed this diversity-jurisdiction lawsuit against Defendants, generally alleging that Defendants were negligent in permitting snow, water and/or ice to form and accumulate on Defendant Ten Pin Restaurant's parking lot on March 13, 2010, and that such negligence was the proximate cause of Plaintiff's injuries. (*See generally* Dkt. No. 1.) Plaintiff's Complaint also generally alleged that her injuries are permanent, that she will require future medical care, and that she suffered loss of income as a result of her injuries. (Dkt. No. 1.)

The Court held a four-day jury trial between December 12, 2011, and December 15, 2011. (Dkt. Nos. 39-42.) On December 15, 2011, the jury returned a verdict for Plaintiff. (Dkt. No. 42.) After finding Defendants fifteen percent (15%) at fault for Plaintiff's injuries and Plaintiff eighty-five percent (85%) at fault for her injuries, the jury awarded Plaintiff damages in the total amount of forty-eight thousand, nine hundred sixty-six dollars and 10/100 ($48, 966.10). (Dkt. No. 42.) More specifically, the jury awarded Plaintiff twenty-three thousand, nine hundred sixty-six dollars and 10/100 ($23,966.10) in past medical expenses, and twenty-five thousand dollars ($25,000.00) in past pain and suffering. (Dkt. No. 43.) The jury did not award Plaintiff any past or future lost earnings, future medical expenses, or future pain and suffering. (*Id.*)

On January 12, 2012, Plaintiff filed the current motion for an Order altering or amending the jury verdict and/or granting a new trial on damages pursuant to Fed. R. Civ. P. 59. (Dkt. No. 48.) On January 30, 2012, Defendants filed their response. (Dkt. No. 49.)

## II.  THE PARTIES' ARGUMENTS

Generally, in her motion, Plaintiff argues that, because the "evidence regarding the nature and extent of the plaintiff's injuries and their sequelae were essentially uncontroverted," the Court should find that the jury's award of $25,000.00 for past pain and suffering, and $23,966.10 for past medical expenses is "seriously erroneous, a miscarriage of justice and deviates materially [from] what would be reasonable compensation for the injuries sustained." (Dkt. No. 48, Attach. 2 at 3.) More specifically, Plaintiff argues that the jury award should have included an award of damages for past lost wages and future pain and suffering. (*Id.* at 3, 5.)

Generally, in their response, Defendants argue that, because the evidence presented at trial supports the jury's award of damages, and because New York State jury verdicts establish that the jury's verdict in this case was appropriate, the award should be left undisturbed. (*See generally* Dkt. No. 49, Attach. 1.)

## III.  GOVERNING LEGAL STANDARD

Rule 59 of the Federal Rules of Civil Procedure provide that a court may grant a new trial to any party "on all or some of the issues . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(1)(a). "A motion for a new trial should be granted when, in the opinion of the district court, 'the jury has reached a seriously erroneous result or . . . the verdict is a miscarriage of justice.'" *Song v. Ives Labs., Inc.*, 957 F.2d 1041, 1047 (2d Cir. 1992) (quoting *Smith v. Lightning Bolt Prods.,*

*Inc.*, 861 F.2d 363, 370 [2d Cir. 1988]).  In a motion filed pursuant to Fed. R. Civ. P. 59, "a trial judge . . . is free to weigh the evidence himself and need not view it in the light most favorable to the verdict winner."  *Song*, 957 F.2d at 1047 (internal quotation marks omitted) (citing *Bevevino v. Saydjari*, 574 F.2d 676, 684 [2d Cir. 1978]).  As a result, "the decision to grant a new trial is committed to the sound discretion of the trial judge.  *Snyder v. Shenendehowa Cent. School Dist.*, 98-CV-1292, 2011 WL 705151, at *3 (N.D.N.Y. Feb. 22, 2011) (Kahn, J.) (citing *Song*, 957 F.2d at 1047).

Generally, the Seventh Amendment, which governs federal court proceedings, precludes a trial court from reexamining any "fact tried by a jury."  U.S. Const. amend. VII.  As a result, federal courts are generally precluded from awarding additur.  *See Dimick v. Schiedt*, 293 U.S. 474, 486 (1935) ("[W]here the verdict is too small, an increase by the court is a bald addition of something which in no sense can be said to be included in the [jury] verdict."); *see also Gibeau v. Nellis*, 18 F.3d 107, 111 (2d Cir. 1994) ("In directing the district court to award nominal damages contrary to the jury verdict, we are mindful that a federal court's increase of a jury award would constitute impermissible additur where it would violate the Seventh Amendment right to a jury trial."), *accord, Urban v. Wal-Mart Stores, Inc.*, 96-CV-0330, 1998 WL 760263, at *2 (N.D.N.Y. Oct. 27, 1998) (McAvoy, C.J.) ("[T]he Constitution generally proscribes federal courts from awarding additur.").

However, a federal district court applying New York law in a diversity-jurisdiction case is permitted to review "compensation awards for excessiveness or inadequacy . . . without detriment to the Seventh Amendment, if the review standard set out in [New York Civil Practice Law and Rules] § 5501(c) is applied . . . .'"  *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415,

419 (1996) ; *see also Urban*, 1998 WL 760263, at *2 ("While the Constitution generally proscribes federal courts from awarding *additur*, a federal court, sitting in diversity, and applying New York State law, may order additur in conformance with N.Y. Civ. Prac. Law and Rules *§ 5501(c)*.") [internal citations omitted, italics in original.]).

Section 5501(c) of the New York Civil Practice Law and Rules ("N.Y. C.P.L.R.") provides as follows:

> In reviewing a money judgment . . . in which it is contended that the award is excessive or inadequate and that a new trial should have been granted unless a stipulation is entered to a different award, the appellate division shall determine that an award is excessive or inadequate if it deviates materially from what would be reasonable compensation.

N.Y. C.P.L.R. § 5501(c). Although this statute is phrased as a direction to the Appellate Division, it has been construed as also directing state trial courts as well. *See Gasperini*, 518 U.S. at 425 ("Although phrased as a direction to New York's intermediate appellate courts, § 5501(c)'s 'deviates materially' standard, as construed by New York's courts, instructs state trial judges as well.") [collecting cases]. Here, because the Court (which is sitting in diversity) is applying New York State law, the Court is authorized by N.Y. C.P.L.R. § 5501(c) to grant additur when appropriate. *Urban*, 1998 WL 760263, at *3.

"To determine whether an award 'deviates materially from what would be reasonable compensation,' New York state courts look to awards approved in similar cases." *Gasperini*, 518 U.S. at 425 (collecting cases); *see also Fowler v. Indus. Tire Prods., Inc.*, 2 F. App'x 125, 127 (2d Cir. 2001) (affirming district court's denial of a Rule 59 motion because, inter alia, the district court "carr[ied] out its obligation to review similar cases in order to determine whether the jury verdict 'deviates materially' . . ."), *accord, Urban*, 1998 WL 760263, at *3. Generally,

5

however, in New York, the amount of damages to be awarded in a personal injury action is primarily a question of fact for the jury. *Urban*, 1998 WL 760263, at *3 (citing *Poggi v. Sexton*, 248 A.D.2d 521, 521 [N.Y. App. Div. 2d Dep't 1998]).

IV.   ANALYSIS

After carefully considering the matter, and reviewing all of the testimony given in this case, the Court finds that the jury's award of damages is neither a "seriously erroneous result or . . .[that] the verdict is a miscarriage of justice," *Song*, 957 F.2d at 1047 (internal quotation marks omitted), nor does it "deviate[] materially from what would be reasonable compensation," N.Y. C.P.L.R. § 5501(c).  In undertaking "its obligation to review similar cases to determine whether the jury's [award] 'deviates materially'" from what would be reasonable compensation, *Fowler*, 2 F. App'x at 127, the Court has reviewed all of the cases cited by the parties in their memoranda of law (*see generally* Dkt. No. 48, Attach 2 [Plf.'s Mem. of Law]; Dkt. No. 49, Attach. 1 [Defs.' Opp'n Mem. of Law]).  A review of those cases demonstrates that, under the circumstances, the jury's award of $48,966.10 is within the realm of acceptable jury awards and is adequately supported by the evidence.

More specifically, as for past lost wages, the evidence in the case supports the jury's findings of no lost income for the reasons stated in Defendants' memorandum of law.  (Dkt. No. 49, Attach. 1 at 5 [highlighting that the evidence at trial "exhibited frequent job changes"].)  *See Harris v. City of New York*, 2 A.D.3d 782, 784 (N.Y. App. Div. 2d Dep't 2003) ("[L]oss of earnings must be established with reasonable certainty, focusing, in part, on the plaintiff's earning capacity both before and after the accident.") (internal quotation marks and alterations omitted).

The Court would only add that it is also persuaded by the fact that the only evidence providing the jury with an actual amount of past lost wages was Plaintiff's own testimony, which the jury was free to find credible or not, and which was unsubstantiated by any other admitted evidence, including, but not limited to, Plaintiff's forensic economist, tax documents, or W-2 forms.  Indeed, on direct examination of Plaintiff, she testified, as it relates to past lost wages, only as follows:

> Q: Okay. Now, to move this along, I'm going to ask you a couple of questions about some numbers, and I'll ask them to you offering the number and tell me if I have it right or not.  Okay?
> A: Okay.
> Q: Is it your position that you lost income from 3/14/10 [the date of Plaintiff's injury] to 4/18/11 [the date Plaintiff returned to work]?
> A: Yes.
> Q: And that number is $47,878?
> A: Yes.

(Plf.'s Trial Testimony.)  As for Plaintiff's forensic economist, Dr. William Blanchfield, although he testified to Plaintiff's *future* lost wages (estimating them at $611,011.00), he did not testify to Plaintiff's *past* lost wages.  (*Id*.) Additionally, Dr. Blanchfield's summary report (assuming it contained information regarding Plaintiff's past lost wages), identified as Plaintiff's Exhibit 14 at trial, was not admitted into evidence.  (*Id.*; Dkt. No. 44 at 2.)  For all of these reasons, the Court finds that an additur for past lost wages is not supported by the evidence.[1]

---

[1] *See Karwacki v. Astoria Med. Anesthesia Assocs., P.C.*, 23 A.D.3d 438, 439 (N.Y. App. Div. 2d Dep't 2005) (vacating jury's award for past and future lost earnings because the plaintiff had "the burden of establishing damages for past and future lost earnings with reasonable certainty, such as by submitting tax returns or other relevant documentation); *DelValle v. White Castle Sys., Inc.*, 277 A.D.2d 13, 13-14 (N.Y. App. Div. 1st Dep't 2000) (vacating jury's award for past and future lost wages because award "was based on plaintiff's testimony regarding prior employment, unsubstantiated by any tax returns or W-2 forms"); *Razzaque v. Krakow Taxi, Inc.*, 238 A.D.2d 161, 162 (N.Y. App. Div. 1st Dep't 1997) (vacating jury's award of past and future lost wages because the "plaintiff's testimony of prior part-time employment, and new employment acquired on the day of the accident, was vague and unsubstantiated by any tax returns or W-2 forms").

As for the past and future pain and suffering, the Court finds that the evidence submitted at trial adequately supports the jury's award of no future pain and suffering for the reasons stated in Defendant's memorandum of law. (*See generally* Dkt. No. 49, Attach. 1.) The Court would only add that, upon a review of the testimony in this case, it finds that the only evidence presented at trial regarding the prospect of Plaintiff's future pain and suffering includes the following: (1) Plaintiff testified that typing at work "is very uncomfortable for me, it's painful" (*see* Plf.'s Trial Testimony); (2) Plaintiff testified that washing dishes, vacuuming, cleaning, folding clothes, and "all the little things that you do with your wrist" are uncomfortable and "sometimes painful" (*id.*); (3) the pain and loss of motion that Plaintiff continues to experience is caused by damage to the soft tissue in Plaintiff's wrist (*see* Dr. Meek's and Dr. Axelrod's Trial Testimonies); (4) the damage to Plaintiff's soft tissue is expected to heal, which will result in some improvement in Plaintiff's status (*id.*); and (5) Plaintiff's injuries and surgeries do not leave her at a heightened risk for post-traumatic medical problems, such as arthritis and carpal tunnel (*id.*).

In addition, the trial testimony established the following regarding Plaintiff's injuries: (1) Plaintiff suffered a comminuted, displaced fracture of the left distal radius and a non-displaced fracture of the left ulna (*see* Dr. Meeks' Trial Testimony); (2) neither fracture caused nerve damage (*id.*); (3) Plaintiff is right-hand dominant (*see* Dr. Meek's and Dr. Axelrod's Trial Testimonies); (4) Plaintiff's injuries required an open reduction internal fixation of the left radius, and reduced closed reduction of the left ulna that did not require fixation (*see* Plaintiff's, Dr. Meek's, and Dr. Axelrod's Trial Testimonies); and (5) six months after Plaintiff's first surgery, she underwent a second surgery to remove the hardware that was installed in the first surgery (*see id.*).

Relying on all of this evidence, and remaining mindful that the appropriate amount of damages in a personal injury action is generally a question of fact for the factfinder,[2] the Court finds that the jury's award of no damages for Plaintiff's future pain and suffering is supported by the evidence and is neither seriously erroneous, nor deviates materially from what New York State courts have found to be reasonable compensation.[3]  For all of these reasons, the Court finds that an additur for future pain and suffering is not supported by the evidence.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for an Order altering or amending the jury verdict and/or granting a new trial on damages pursuant to Fed. R. Civ. P. 59 (Dkt. No. 48) is **DENIED**.

Dated: July 17, 2012
       Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge

---

[2]   See Douglass v. St. Joseph's Hosp., 246 A.D.2d 695, 697 (N.Y. App. Div. 3d Dep't 1998) ("Noting that the amount of damages is a question of fact, with considerable deference accorded to the jury's assessment of the facts, their award . . . does not deviate materially from what would be reasonable compensation.").

[3]   See, e.g., Carter v. 2391 Davidson Ave. Owner, LLC, 303006/08, 2011 WL 1250196 (N.Y. Sup. Ct. Bronx Cnty., Mar. 11, 2011) (awarding a plaintiff $100,000.00 for *past* pain and suffering only, where the plaintiff sustained a fracture to her non-dominant wrist that required closed reduction and several weeks of physical therapy, and where the plaintiff complained at trial that her wrist remains weak, she cannot easily perform household chores, and she cannot resume her previous job as a hair-braider); Labov v. City of New York, 21793/83, 1988 WL 366402 (N.Y. Sup. Ct. Kings Cnty., Jan. 1988) (awarding a plaintiff a total of $100,000.00 in damages, where the plaintiff sustained five fractured ribs, nose fractures, and fractures of the ulna and radius requiring open reduction and internal fixation); cf. Algerio v. Caribbean Air Conditioning Corp., 25697/07, 2010 WL 5893782 (N.Y. Sup. Ct. Suffolk Cnty. Apr. 29, 2010) (awarding a plaintiff $50,000.00 in *past* pain and suffering only, where the plaintiff sustained an injury to her knee that required a knee replacement and an injury to her back that required physical therapy).